Kent, Ch. J.
delivered the opinion of the court. This case was submitted to the court upon two points: 1. Whether the plaintiff is entitled to recover as for a total loss of the sugars, without abandoning the other part of the cargo insured; and, 2. If not, then upon what principles shall the partial loss be adjusted?
The first point is entirely new with us, and does not appear ever to have been discussed and decided in the English courts. Marshall, (tit. Abandonment, s. 3. p. 600.) however, lays down the right of a partial abandonment in a case like the present. He admits the general rule that the abandonment ought to be made for the whole of the effects insured, and not for a particular part, but he confines the rule to the case where the contract is entire, as where I have divers sorts of goods on.board a ship, and I insure 1,0002. on the whole, without any distinction. But he says that if I insure the articles by different policies, or if in the same policy they be separately valued, I may abandon one article and retain the rest, because these are, in effect, distinct insurances, though in the same policy. In the present case, the insurance was upon a specified quantity of sugar, mace and logwood, and each article separately and distinctly valued; there was no insurance upon the whole articles in a gross sum, and the sugars alone were damaged beyond a moiety of their value, and were alone abandoned. The case is, therefore, brought within the principle advanced by Marshall, and the only question is, whether this court will adopt it as law. This will depend upon the good sense or authority of the rule.
The rule stated by Marshall is taken from the French law.
It is laid down in Le Guidon, (c. 7. s. 8, and 9.) that if part of the cargo be damaged, and part not, the assured can abandon the damaged part, if it be above a moiety in value, and reserve the sound part. But if the cargo consists of the same sort or kind of merchandise; as, for instance, fruits, grain, salt, &c. in that case, it is said, you cannot abandon the part which is damaged and retain the residue; though if the cargo consists cf different kinds or sorts
*238 of merchandise, and one sort be damaged, you may abandcii~ the whole of the sort, or species of the cargo, to which the da~mage applies, and retain the other sound articles. Enierigoni (tom. 2. 214.) notices these distinctions in Le Guidon, and says that the ordinance of the marine, in art. 47, has established a more simple rule which forbids an abandonment of part only. But this rule of the ordinance, he observes, requires explanation; and,, therefore, if by one policy I insure my sugar, and by another policy my indigo, or if in the same policy I insure, distinctly and separately, such a sum upon my indigo, I can, in case of loss, retain one of the subjects and abandon the other, because they are the same as distinct insurances. Valin (tom. 2. 111.) seems to adopt the same construction of the ordinance, and to confine the article to the case of insurance upon the totality of a cargo, without distinction of objects. Emerigon (tom. 2. 215.) illustrates the same distinction, by the case of an insurance in the same policy of ship and cargo, distinguishing how much upon the one and how much upon the other, and the ship becomes disabled, the assured may abandon the ship without abandoning the cargo, though he says the rule would have been different, if both had been insured by one entire sum without distinction.
■ There is nothing very unreasonable in this doctrine, and upon the sanction of such authority, and in the absence of all authority to the contrary, the court do not feel themselves at liberty to reject it.
The plaintiff is accordingly entitled to recover for a total loss of the sugar, and judgment is rendered according to the provision in the case.
Judgment for the plaintiff.